## Commonwealth v. Ostin

*Allen E. Ertel*, District Attorney for Commonwealth.
*John A. Felix*, for defendant.

WOOD, J., May 4, 1972.—Defendant has moved to dismiss Commonwealth charges of larceny, receiving stolen property and conspiracy relating to a theft of an interstate shipment of goods originating in this jurisdiction. The basis of the motion is that defendant has been convicted of larceny and possession of stolen property in the United States District Court for the Middle District of Pennsylvania, and that a contemporary conspiracy charge in that court was dismissed pursuant to an assurance given to the court at the time of plea to the other charges. All three Federal charges related to the same incident as that covered by the State charges.

At the time defendant entered his plea in the United States District Court, the following colloquy between

the Assistant United States Attorney and the court took place:

"Mr. Nagle: After conviction is entered, judgment of conviction is entered, and sentence imposed, the government would not go to the expense of trying Mr. Ostin separately. We feel that the maximum of possibly twenty years is sufficient in this case, and we would move to dismiss the indictment in criminal number 14930 as to Mr. Ostin only.

"The Court: All right."

Thereupon a plea of guilty was accepted to theft of property in interstate shipment and to having possession of such property after it was stolen. The conspiracy charge was later dismissed.

Relief is claimed under the recent ruling of the Supreme Court of Pennsylvania in Commonwealth v. Mills, 447 Pa. 163, decided December 31, 1971. In that case, the court ruled at pages 171-72, that "a second prosecution and imposition of punishment for the same offense will not be permitted unless it appears from the record that the interests of the Commonwealth of Pennsylvania and the jurisdiction which initially prosecuted and imposed punishment are substantially different."

The district attorney contends that the interests of the Commonwealth and the United States in the prosecution of these charges are substantially different. However, the nature of the sentence imposed by the district court appears to be the principal basis for the Commonwealth's opposition to the present motion to dismiss the Commonwealth charges. The nature of a sentence is not relevant; the criterion established in Mills calls for a comparison of *interests* only. Therefore, a disparity between a sentence imposed in one jurisdiction and a sentence which might be imposed in the other is irrelevant.

The facts in Mills presented a situation where the interests of the Federal jurisdiction and the State jurisdiction were more clearly different than they are here. In Mills, defendant entered a plea of guilty to Federal charges of bank robbery and assault. The State charges were carrying a concealed deadly weapon, unlawful possession of a firearm and aggravated robbery.

Very likely, Mills will not be the final appellate ruling on the matter, as the number and content of opinions written by the court in Mills indicate there will be occasion for refinements. However, under the guidance provided to date, we conclude that all counts of the subject bill of indictment must be dismissed. Accordingly, as to the count excepted from our order of April 6, 1972, we make the following

## ORDER

And now, May 4, 1972, the third count of the within bill of indictment, conspiracy, is dismissed. It is directed that the detainer filed against defendant be withdrawn.